1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

# UNITED STATES  DISTRICT COURT

## Northern District of California

San Francisco

| | |
|---|---|
| NOE SOLIS GARCIA, et al., | No. C 11-02047 LB |
| Plaintiffs, | **ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS; (2) RESETTING CASE MANAGEMENT DATES AND DEADLINES; AND (3) DENYING PLAINTIFFS' MOTIONS TO CONSOLIDATE AND FOR A PROTECTIVE ORDER** |
| v. | |
| MARIO BANA, et al., | |
| Defendants. | |
| _____/ | [Re: ECF Nos. 31, 37, 38] |

## I.  INTRODUCTION

Plaintiffs Noe Solis Garcia and Ernesto Santana brought this wage and hour action against defendants Mario Bana and Nancy Bana, the owners and operators of Ideal RV & Trailer Supply. Unfortunately, progress in this action has come to a standstill due to Plaintiffs' counsel's failure to comply with basic rules of civil procedure and the court's orders.  As a result, Defendants moved for the action's dismissal as a sanction for Plaintiffs' counsel's behavior, or, alternatively, to compel compliance with the relevant discovery rules.  In response, Plaintiffs moved to consolidate this action with another, recently-filed one, and they also moved for a protective order limiting the number of depositions allowed to be taken in the two actions.  Upon review of the papers submitted and the arguments of counsel at the June 7, 2012 hearing, the court GRANTS IN PART and DENIES IN PART Defendants' motion for sanctions, and DENIES Plaintiffs' motions to

1    consolidate and for a protection order.

2                                    **II.  BACKGROUND**

3         Plaintiffs filed their action on April 26, 2011.  Complaint, ECF No. 1.  They bring claims for:

4    failure to pay overtime wages in violation of California Labor Code §§ 510, 1194, and 1198 and the

5    Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 (first and third causes of action); failure to pay

6    minimum wages for all hours worked in violation of California Labor Code § 1194 (second cause of

7    action); failure to provide proper pay statements and maintain adequate records in violation of

8    California Labor Code §§ 226 and 1174 (fourth cause of action); failure to pay wages due and

9    waiting time penalties in violation of California Labor Code § 203 (fifth cause of action); and unfair

10   competition in violation of California's Unfair Competition Law ("UCL"), Business and Professions

11   Code § 17200 (sixth cause of action).  *See id.*  The gist of their complaint is that Defendants

12   employed them as maintenance workers (although they do not allege when their employment started

13   or when it ended) but that Defendants failed to properly or fully pay them for their work.  *See id.*

14        Defendants answered the complaint on June 20, 2011.  Answer, ECF No. 6.  The initial case

15   management conference ("CMC") originally was scheduled to take place on September 29, 2011,

16   and the parties' joint case management conference statement was due one week before, on

17   September 22, 2011.  Amended ADR Scheduling Order, ECF No. 4; *see* N.D. Cal. Civ. L.R. 16-9(a).

18   The parties did not file a joint case management conference statement on September 22, 2011.  The

19   court's law clerk telephoned Plaintiffs' counsel, Mr. Adam Wang, the next day to inquire about the

20   statement, but he could not be reached.  The court's law clerk also telephoned Defendants' counsel,

21   and Defendants filed a separate case management statement later that day.  Defendants' Separate

22   CMC Statement, ECF No. 10.  That statement mentions that Defendants' counsel sent a draft of a

23   joint CMC statement to Mr. Wang but they received no response from him.  *Id.*  Mr. Wang finally

24   filed a separate CMC statement on behalf of Plaintiffs  (although it was captioned as a joint one) on

25   September 27, 2011.  Plaintiffs' Separate CMC Statement, ECF No. 11.  Plaintiffs' CMC statement

26   did not mention the tardiness of its filing, and it stated that Plaintiffs intended to serve their initial

27   disclosures by the date of the CMC.  *See id.*  Mr. Wang, on behalf of Plaintiffs, also filed an

28   administrative motion to continue the September 29, 2011 CMC.  Plaintiffs' Administrative Motion,

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

ECF No. 12.  The administrative motion simply states, with no elaboration, that Mr. Wang "has a scheduling conflict that cannot be avoided at the same time the Initial Case Management Conference is scheduled for."  *Id.* at 1, ¶ 2.  Although Mr. Wang presumably knew about this scheduling conflict earlier than two days before the September 29, 2011 CMC (he made no suggestion that the scheduling conflict was unexpected or had only recently arisen), given the situation before it, the court continued the CMC to October 27, 2011.  9/28/2011 Order, ECF No. 13.

The initial CMC finally occurred on that date.  Minute Entry, ECF No. 14.  At it, the court also set the following case management dates and deadlines:

| Case Event | Filing Date/Disclosure Deadline/Hearing Date |
|---|---|
| Date to seek leave to add new parties or amend the pleadings | 11/28/2011 |
| Updated Joint Case Management Conference Statement | 1/19/2012 |
| Further Case Management Conference | 1/26/2012 at 10:30 a.m. |
| ADR completion date | 1/26/2012 |
| Non-expert discovery completion date | 4/5/2012 |
| Expert disclosures required by Federal Rules of Civil Procedure | 4/5/2012 |
| Rebuttal expert disclosures | 4/20/2012 |
| Expert discovery completion date | 5/25/2012 |
| Last hearing date for dispositive motions | 6/21/2012, at 11:00 a.m. |
| Meet and confer re pretrial filings | 8/21/2012 |
| Pretrial filings due | 8/30/2012 |
| Oppositions, Objections, Exhibits, and Depo Designations due | 9/6/2012 |
| Final Pretrial Conference | 9/20/2012, at 10:30 a.m. |
| Trial | 10/1/2012, at 8:30 a.m. |
| Length of Trial | 5 days |

CMC Order, ECF No. 16 at 2.  The court explained that the dispositive motion and trial dates were firm, but that the parties could adjust the discovery-related dates pursuant to stipulation.  The court also set a Further CMC for January 26, 2012.  *Id.*

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    As required, the parties filed a joint CMC statement on January 19, 2012.  Joint CMC Statement,

2  ECF No. 19.  In it, Mr. Wang informed the court that Mr. Santana was not to be found.  *Id*.  He

3  wrote that "[a]lthough counsel for Plaintiff[s] initially filed this action on behalf of Noe Solis Garcia

4  and Ernesto Santana, Plaintiff[s'] counsel intends to file a motion to dismiss or withdraw [as counsel

5  for] Plaintiff Ernesto Santana, as Plaintiff[s'] counsel has been unable to reach Mr. Santana and is

6  informed and believes that Mr. Santana has left the country."  *Id*. at 2.  He also stated that he "will

7  move to withdraw as counsel of records for Plaintiff Ernesto Santana."  *Id*. at 4.  He also informed

8  the court that Plaintiffs had not yet served their initial disclosures.  *Id*.  At the January 26, 2012

9  Further CMC, the parties stated that they were preparing for their upcoming mediation, and so the

10  court set another Further CMC for February 9, 2012.  Amended Minute Entry, ECF No. 21.  The

11  court also told Mr. Wang that if he moved to withdraw, he would need to comply with the relevant

12  local rules for doing so.

13    Defendants timely filed a separate CMC statement on February 2, 2012.  Defendants' Second

14  Separate CMC Statement.  They indicated that Plaintiffs still had not served their initial disclosures.

15  *Id*. at 4.  The next day (i.e., one day late), Mr. Wang filed a separate CMC statement on behalf of

16  Plaintiffs.  Plaintiffs' Second Separate CMC Statement, ECF No. 24.  In it, he informed the court

17  that mediation failed, and that the "[p]arties commence discovery."  *Id*. at 1.  He also stated that he

18  believed that Mr. Santana had been deported and that he "intends to conduct discovery to ascertain

19  Mr. Santana's whereabouts before moving to withdraw as attorney of records with respect to Mr.

20  Santana."  *Id*.

21    At the February 9, 2012 Further CMC, the court discussed the discovery that needed to be done

22  in anticipation of a settlement conference.  Defendants informed the court that they had propounded

23  discovery but that Plaintiffs had not yet responded to it, and Plaintiffs stated that they would need to

24  conduct some depositions.  The court limited the parties to three depositions before the settlement

25  conference.  The court also ordered Mr. Wang to serve Plaintiffs' initial disclosures.  Minute Entry,

26  ECF No. 25.  Noting the problems it had caused so far, it gave him until February 13, 2012 to do so.

27  *Id*.  Given Mr. Wang's problem finding Mr. Santana as well as the lack of discovery conducted so

28  far, the court also extended the relevant discovery and ADR deadlines by about one month.  Further

UNITED STATES DISTRICT COURT
For the Northern District of California

1  CMC Order, ECF No. 26 at 1.[1]  The court set a Further CMC for April 26, 2012.  *Id.*

2  The court heard nothing else from the parties until April 19, 2012, when Defendants filed a

3  motion to dismiss the entire action as a sanction.  Motion for Sanctions, ECF No. 31.  According to

4  the motion and the accompanying declarations, Defendants shed some light upon what had been

5  occurring over the previous months.  Defendants described the following issues:

6  •  Plaintiffs failed to serve their initial disclosures by the court's February 13, 2012 deadline.

7  Savage Declaration, ECF No. 31-1 at 2, ¶ 6.  Defendants' counsel sent Mr. Wang two emails,

8  one on February 15, 2012 and another on February 16, 2012, to inquire about them, but Mr.

9  Wang did not reply to them.  Savage Declaration, ECF No. 31-1 at 2, ¶ 6, Exs. 4, 5.

10  •  Defendants served requests for production of documents ("RFPs") on Plaintiffs on January

11  27, 2012.  Savage Declaration, ECF No. 31-1 at 3, ¶ 7.  Plaintiffs' deadline to respond to them

12  was March 2, 2012, but they did not do so.  Savage Declaration, ECF No. 31-1 at 3, ¶ 10.

13  •  Mindful of the requirement that parties meet and confer about possible deposition dates,

14  Defendants' counsel sent Mr. Wang a letter on January 27, 2012 asking for Plaintiffs'

15  availability.  Savage Declaration, ECF No. 31-1 at 3, ¶ 8, Ex. 7; *see* N.D. Cal. Civ. L.R. 30-1

16  ("For the convenience of witnesses, counsel and parties, before noticing a deposition of a party

17  or witness affiliated with a party, the noticing party must confer about the scheduling of the

18  deposition with opposing counsel or, if the party is pro se, the party.").  Mr. Wang never

19  responded, so, on February 10, 2012, Defendants served notices of Plaintiffs' depositions.

20  Savage Declaration, ECF No. 31-1 at 3, ¶¶ 8-9, Ex. 8.  Ms. Garcia's and Mr. Santana's

21  depositions were noticed for March 12, 2012 and March 13, 2012, respectively.  Savage

22  Declaration, ECF No. 31-1 at 3, ¶ 9, Ex. 8.  Plaintiffs never confirmed that they would appear on

23  those dates.  Savage Declaration, ECF No. 31-1 at 3, ¶ 10.

24  On March 8, 2012, Defendants' counsel later sent Mr. Wang a letter inquiring about Plaintiffs'

25  initial disclosures and RFP responses.  Savage Declaration, ECF No. 31-1 at 3, ¶ 11, Ex. 9.  Mr.

26  _____

27  [1] Specifically, the court extended the ADR completion date to April 9, 2012, the non-expert

28  discovery completion date to May 4, 2012, the expert disclosure dates to May 4 and May 18, 2012, and the expert discovery completion date to June 22, 2012.  Further CMC Order, ECF No. 26 at 1.

UNITED STATES DISTRICT COURT
For the Northern District of California

Wang called Defendants' counsel back the next day.  Savage Declaration, ECF No. 31-1 at 3-4, ¶ 12.

Defendants' counsel stated that Mr. Wang said that "he did not understand why [Defendants] kept

asking Plaintiffs for documents because 'I already told you that we don't have any,' or words to that

effect."  Savage Declaration, ECF No. 31-1 at 3-4, ¶ 12.  Defendants' counsel explained that

Plaintiffs did not have any responsive documents in their possession, custody, or control, they

needed to formally respond as such.  Savage Declaration, ECF No. 31-1 at 3-4, ¶ 12; *see* Fed. R.

Civ. P. 34(b)(2).  Defendants' counsel then requested that Plaintiffs serve their initial disclosures,

respond to Defendants' RFPs, and confirm their deposition availability by March 16, 2012.  Savage

Declaration, ECF No. 31-1 at 3-4, ¶ 12.  Mr. Wang apparently agreed to this deadline.  Savage

Declaration, ECF No. 31-1 at 3-4, ¶ 12.

On March 16, 2012, a Friday, Mr. Wang sent Defendants' counsel an email stating that he was

"swamped with two trials" and would "give you all the discoveries [sic] [Plaintiffs] owe you over

this weekend."  Savage Declaration, ECF No. 31-1 at 4, ¶ 13, Ex. 10.  Defendants did not receive

anything from Plaintiffs.  Savage Declaration, ECF No. 31-1 at 4, ¶ 13.  On March 20, 2012, Mr.

Wang sent Defendants' counsel another email, and in this one he stated that he was "taking a final

look at the discovery responses and should be able to send to you [n]o later than tonight."  Savage

Declaration, ECF No. 31-1 at 4, ¶ 14, Ex. 11.  Again, Defendants received nothing from Plaintiffs.

Savage Declaration, ECF No. 31-1 at 4, ¶ 14.

Plaintiffs finally served their initial disclosures on April 19, 2012, which, for those keeping

score, is over six months after the original initial CMC date, over two months after the court's

February 15, 2012 deadline, and roughly two weeks before the court's (second) fact discovery

deadline.  Supp. Savage Declaration, ECF No. 40-1 at 2, ¶ 3, Exs. 1, 2.  The disclosures list three

potential witnesses, but they fail to provide contact information for them and also fail to disclose the

what kind of information they possess.  *See* Fed. R. Civ. P. 26(a).  Needless to say, the disclosures

did not allow for Defendants to conduct any meaningful discovery regarding these witnesses before

the fact discovery cutoff.  Defendants' Reply, ECF No. 40 at 5.

On April 24, 2012, five days after Defendants filed their motion, Plaintiffs served responses to

Defendants' RFPs.  Supp. Savage Declaration, ECF No. 40-1 at 2, ¶ 4, Ex. 3.  For all 63 RFPs,

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1    Plaintiffs' stated that "responding Plaintiff has no responsive documents in his possession." Supp.

2    Savage Declaration, ECF No. 40-1, Ex. 3.

3         On May 3, 2012, Mr. Wang and Defendants' counsel met and conferred regarding the

4    depositions of the parties and the three witnesses listed in Plaintiffs' initial disclosures. Supp.

5    Savage Declaration, ECF No. 40-1 at 2-3, ¶ 5. Counsel agreed to stipulate to take the depositions

6    after the fact discovery cutoff. Supp. Savage Declaration, ECF No. 40-1 at 2-3, ¶ 5, Ex. 5; *see* Supp.

7    Savage Declaration, ECF No. 40-1 at 2-3, ¶ 5, Ex. 4. Defendants' counsel drafted the stipulation

8    and sent it to Mr. Wang, but it was never executed or filed. Supp. Savage Declaration, ECF No.

9    40-1 at 2-3, ¶¶ 5-7, Exs. 4-6.

10        On May 6, 2012, Plaintiffs filed a motion to consolidate. Motion to Consolidate, ECF No. 37. It

11   turns out that on May 2, 2012, Mr. Wang filed another action against Defendants, this time on behalf

12   of Philip Poor, who allegedly has "performed work as a worker for Defendants." *See Poor v. Bana,*

13   *et al.*, No. C12-02206 LB. Mr. Poor, who never even directly alleges that he was an "employee" of

14   Defendants, brings claims, on behalf of himself and similarly situated individuals, for failure to pay

15   overtime wages in violation of the FLSA (first cause of action) and unfair competition in violation of

16   California's UCL. *See id.*

17        On May 7, 2012, Plaintiffs filed a motion for a protective order. Motion for Protective Order,

18   ECF No. 38. Rather than producing for deposition Plaintiffs and the three witnesses listed in their

19   initial disclosure (as previously agreed on May 3, 2012), Plaintiffs sought a protective order that

20   would limit Defendants to deposing these individuals once, in light of Plaintiffs' motion to

21   consolidate. *Id.* Plaintiffs' position is that "once these [parties and] witnesses have been deposed

22   once in connection with this case, they should not be deposed again [] in the *Poor* matter." *Id.* at 2.

23        Defendants opposed both of Plaintiffs' motions, and Plaintiffs opposed Defendants' motion.

24   Defendants' Opposition, ECF No. 41; Plaintiffs' Opposition, ECF No. 36. Plaintiffs did not file a

25   reply in support of their motions. The court heard oral argument on all three motions on June 7,

26   2012.

27

28

C 11-02047 LB
ORDER

1

### III.  DISCUSSION

2

**A.  Defendants' Motion for Dismissal or, Alternatively, to Compel**

3

    1.  Legal Standard

4

       i.  Sanctions

5

When a district court decides to impose sanctions or discipline, it must clearly delineate under

6

which authority it acts to insure that the attendant requirements are met.  *Weissman v. Quail Lodge,*

7

*Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (citing *Keegan Management Co. Sec. Litig.*, 78 F.3d 431,

8

435 (9th Cir. 1996) ("For a sanction to be validly imposed, the conduct must be sanctionable under

9

the authority relied on.") (internal quotation marks and citation omitted)).  "The imposition of

10

sanctions requires a statement of reasons for the district court's action, including the need for the

11

particular sanctions imposed."  *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000)

12

("The imposition of sanctions requires a statement of reasons for the district court's action, including

13

the need for the particular sanctions imposed.") (citing *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d

14

824, 830 (10th Cir. 1990) ("If the district court ultimately imposes sanctions, detailed findings are

15

necessary to identify the objectionable conduct and provide for meaningful appellate review.")).

16

        a.  Rule 37

17

Multiple provisions of Rule 37 provide a court with authority to sanction a party or attorney for

18

discovery violations.  First, Rule 37(b)(2)(A) provides that "[i]f a party or a party's officer, director,

19

or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order

20

to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the

21

action is pending may issue further just orders."  "These may include . . .  (ii) prohibiting the

22

disobedient party from supporting or opposing designated claims or defenses, or from introducing

23

designated matters in evidence; [and] . . . (v) dismissing the action or proceeding in whole or in

24

part."  Fed. R. Civ. P. 37(b)(2)(A).[2]  These sanctions are not available unless a court's discovery

25

26

    [2] A district court may also dismiss an action for failure to prosecute pursuant to Federal Rule

27

of Civil Procedure 41(b).  *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*,

932 F.2d 795, 797 (9th Cir. 1991).  "[F]ailure to prosecute diligently is sufficient by itself to justify a

28

dismissal."  *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  "But only unreasonable

UNITED STATES DISTRICT COURT
For the Northern District of California

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1   order has not been obeyed. *Id.* "The definition of 'order' in Rule 37(b) has been read broadly."

2   *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).[3]

3   Sanctions may be imposed even for violation of a court's oral order, as long as a party has

4   "unequivocal notice that a court has asked that certain documents be produced." *Id.* (citing *Henry v.*

5   *Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974)). Also, "[i]nstead of or in addition to the orders above,

6   the court must order the disobedient party, the attorney advising that party, or both to pay the

7   reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

8   substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P.

9   37(b)(2)(C).

10   Second, Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness

11   as required by Rule 26(a) or (e) [regarding initial disclosures], the party is not allowed to use that

12   information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure

13   was substantially justified or is harmless." "In addition to or instead of this sanction, the court, on

14   motion and after giving an opportunity to be heard: (A) may order payment of the reasonable

15   expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's

16   failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule

17   37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1). A sanction under Rule 37(c)(1) does not require a

18   violation of a court order as a prerequisite. *Compare* Fed. R. Civ. P. 37(c)(1) *with* Fed. R. Civ. P.

19   37(b)(2)(A); *see* Schwarzer, Tashima, and Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. before Trial §

20   11:2340-41 (The Rutter Group 2011).

21   _____

22   delay will support a dismissal for lack of prosecution." *Nealey v. Transportacion Maritima*

23   *Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980) (emphasis added). Because the court will not
     dismiss the action under Rule 37 or its inherent powers, *see infra*, the court will not do so under Rule

24   41(b) either.

25   [3] But the Ninth Circuit also has explained that "Rule 37(b)(2)'s requirement that there be

26   some form of court order that has been disobeyed has not been read out of existence; Rule 37(b)(2)
     has never been read to authorize sanctions for more general discovery abuse." *Unigard*, 982 F.2d at

27   368 (citing *Halaco [Eng'g Co. v. Costle*], 843 F.2d [376,] 379-80[ (9th Cir. 1988)]; *United States v.*
     *National Medical Enters.*, 792 F.2d 906, 912 (9th Cir. 1986); *Fjelstad v. American Honda Motor*

28   *Co.*, 762 F.2d 1334, 1338-39 (9th Cir. 1985)).

C 11-02047 LB
ORDER

9

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Third, Rule 37(d)(1)(A) provides that "[t]he court where the action is pending may, on motion,

2    order sanctions if . . . a party or a party's officer, director, or managing agent—or a person

3    designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear

4    for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "A failure described in Rule

5    37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the

6    party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P.

7    37(d)(2). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ.

8    P. 37(d)(3). Also, as with sanctions under Rule 37(b)(2), "[i]nstead of or in addition to these

9    sanctions, the court must require the party failing to act, the attorney advising that party, or both to

10   pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

11   substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P.

12   37(d)(3).

13                            b.  28 U.S.C. § 1927

14   28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any

15   court of the United States or any Territory thereof who so multiplies the proceedings in any case

16   unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

17   expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions imposed

18   pursuant to 28 U.S.C. § 1927, however, may only be imposed based on activities before the

19   sanctioning court. *GriD Sys. Corp. v. John Fluke Mfg. Co., Inc.*, 41 F.3d 1318, 1319 (9th Cir.1994)

20   (per curiam). They also "must be supported by a finding of subjective bad faith." *In Re Keegan*

21   *Mgmt. Co., Sec. Litig.*, 78 F.3d at 436 (citations and quotation marks omitted). Such "[b]ad faith is

22   present when an attorney knowingly or recklessly raises a frivolous argument, or argues a

23   meritorious claim for the purpose of harassing an opponent." *Id*. When awarding sanctions under §

24   1927 (or pursuant to the Court's inherent authority), district courts have discretion in determining

25   whether sanctions are appropriate and, if so, in what amount. *Trulis v. Barton*, 107 F.3d 685, 694

26   (9th Cir. 1995); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128,

27   1135 (9th Cir. 2001).

28

C 11-02047 LB
ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

c.  Inherent Powers

Courts also are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  "This circuit has recognized as part of a district court's inherent powers the 'broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial. Within this discretion lies the power . . . to exclude testimony of witnesses whose use at trial . . . would unfairly prejudice an opposing party.'" *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (quoting *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980)).  Although the caselaw is somewhat equivocal about the state of mind required to impose sanctions under the court's inherent power, *see United Medical Supply Co., Inc. v. U.S.*, 77 Fed. Cl. 257, 266-67 (Fed. Cl. 2007), the Ninth Circuit has concluded that sanctions are available under the court's inherent power if "preceded by a finding of bad faith, or conduct tantamount to bad faith," such as recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose."  *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *see Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

2.  Analysis

In their motion, Defendants ask the court to either dismiss Plaintiffs' case, exclude certain witnesses or topics from evidence, award them their attorneys' fees, and/or compel Plaintiffs to provide the missing and/or insufficient discovery.

i.  Dismissal

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  "Only 'willfulness, bad faith, and fault' justify terminating sanctions."  *Id.* (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).  The Ninth Circuit has "constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the

UNITED STATES DISTRICT COURT
For the Northern District of California

party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.* (quoting *Jorgensen*, 320 F.3d at 912 (setting forth five-factor test set forth in *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id.* (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).[4]

Here, application of the factors weighs against dismissing Plaintiffs' case. While Mr. Wang's actions have made it more difficult for the court to manage its docket and have slowed the progress of this case to a standstill, the court cannot say with certainty that Defendants have been permanently prejudiced. Defendants, to be sure, have been inconvenienced, but the court still has the ability to get the case back on track. Moreover, public policy favors resolution of Plaintiffs' case on its merits.

More importantly, though, the court has neither warned Plaintiffs that their case was in danger of being dismissed nor tried other sanctions first. A district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id.* (citing *Malone*, 833 F.2d at 132-33). Indeed, "'[f]ailure to warn has frequently been

---

[4] "This 'test,'" the Ninth Circuit has explained, "is not mechanical." *Connecticut General*, 482 F.3d at 1096. "It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Valley Eng'rs*, 158 F.3d at 1057.

C 11-02047 LB
ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

1   a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal.'" *Id.* (quoting

2   *Malone*, 833 F.2d at 133 (citing cases)).  Although the court explicitly ordered Plaintiffs to serve

3   their initial disclosures by February 13, 2012, it has not yet sanctioned either Plaintiffs or Mr. Wang

4   to ensure compliance.

5       Without having warned Plaintiffs that their case could be dismissed and without having tried

6   other, less drastic sanctions, the court will not dismiss their action now.[5]

7           ii.  Exclusionary Sanctions

8       For failure to comply with a discovery order, the court may preclude "the disobedient party from

9   supporting or opposing designated claims or defenses, or from introducing designated matters in

10  evidence."  Fed. R. Civ. P. 37(b)(2)(A)(ii).  "Exclusion sanctions based on alleged discovery

11  violations are generally improper absent undue prejudice to the opposing side."  *Amersham*

12  *Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal. 2000) (Breyer, J.)

13  (citing *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997)).

14      Defendants contend that Rule 37(c)(1) requires the court to preclude Plaintiffs from using at trial

15  the information or witnesses identified in their untimely initial disclosures.  Defendants' Reply, ECF

16  No. 40 at 7.  That Rule provides that  "[i]f a party fails to provide information or identify a witness

17  as required by Rule 26(a) or (e) [regarding initial disclosures], the party is not allowed to use that

18  information or witness to supply evidence on a motion, at a hearing, or at a trial, <u>unless the failure</u>

19  <u>was substantially justified or is harmless</u>."  Fed. R. Civ. P. 37(c)(1) (emphasis added).

20      There is no question that Plaintiffs' failure to serve their initial disclosures until two weeks

21  before the close of fact discovery was not "substantially justified."  And while Defendants would be

22

23      [5] Nor will the court dismiss Plaintiffs' case pursuant to its inherent powers.  To dismiss a
24  case under its inherent powers, a district court must determine the presence of willfulness, bad faith,
    or fault by the offending party; the efficacy of lesser sanctions; and the "nexus between the
25  misconduct drawing the dismissal sanction and the matters in controversy in the case."  *Halaco*
26  *Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988).  A district court may also consider "the
    prejudice to the party victim of the misconduct" and the government's interest at stake.  *Id.*
27  Dismissal sanctions are appropriate only in "extreme circumstances."  *Fjelstad v. American Honda*
    *Motor Co.*, 762 F.2d 1334, 1338 (9th Cir. 1985).  For the reasons described above, the court finds
28  that this standard has not been met.

UNITED STATES DISTRICT COURT
For the Northern District of California

1   harmed under the current case schedule, because the court will adjust the dates and deadlines and

2   compel Plaintiffs to provide the missing and/or insufficient discovery, the court does not believe

3   Defendants have been harmed just yet.  In other words, because the court will use other methods to

4   fix this mess, exclusionary sanctions are not appropriate at this time.

5        iii.  Monetary Sanctions

6   Defendants also ask for $1,500 in attorneys' fees as a monetary sanction.  This amount is the

7   amount that they had to spend to file their motion.  Savage Declaration, ECF No. 31-2 at 5, ¶ 20.

8   Specifically, Defendants' counsel spent six hours, at a rate of $250 per hour, to draft the motion.  Id.

9        The court believes that monetary sanctions in this amount are appropriate, given the discovery

10  abuses, including violation of a court order, described above.[6]  Six hours is a reasonable amount of

11  time for the preparation of this particular motion for sanctions, and Defendants' counsel's rate, in

12  comparison with others within this legal community, is a reasonable one.  Mr. Wang personally – as

13  distinguished from Plaintiffs – shall pay Defendants the $1,500 in attorneys' fees that they incurred

14  due to his unreasonable behavior during the discovery process.

15       iv.  Compelling Discovery

16  Defendants contend that Plaintiffs' initial disclosures and RFP responses are insufficient and that

17  the court should compel them to provide supplemented versions of them.  Defendants also contend

18  that the court should compel Plaintiffs to attend their noticed depositions.

19  Defendants are right.  Rule 26(a) requires that parties make initial disclosures of certain

20  information and documents, including, among other things: (1) "the name and, if known, the address

21  and telephone number of each individual likely to have discoverable information—along with the

22  subjects of that information—that the disclosing party may use to support its claims or defenses;"

_____

24       [6] To the extent that Plaintiffs attempt to argue that they have since served their initial
    disclosures and responded to Defendants' RFPs (even though these disclosures and responses are
25  insufficient, see infra), this would not prevent the court from sanctioning Plaintiffs' counsel.  *North
    American Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986) ("Belated
26  compliance with discovery orders does not preclude the imposition of sanctions. . . .  Last-minute
    tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on
27  a crowded docket the opportunity to use the courts.") (citing *G-K Properties v. Redevelopment
28  Agency*, 577 F.2d 645, 647-48 (9th Cir. 1978)).

1   and (2) "a copy—or a description by category and location—of all documents, electronically stored

2   information, and tangible things that the disclosing party has in its possession, custody, or control

3   and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i) & (ii). Rule 26(e)

4   further requires parties to supplement their initial disclosures "in a timely manner if the party learns

5   that in some material respect the disclosure or response is incomplete or incorrect."

6       Plaintiffs' initial disclosures do not contain all of the required information. As Defendants' point

7   out, the disclosures list three witnesses but do not provide their contact information (to the extent

8   that Plaintiffs know it). Nor do the disclosures describe what type of discoverable information these

9   witnesses have. Plaintiffs' initial disclosures, then, are incomplete, and they must be supplemented.

10  Plaintiffs shall provide complete, supplemented initial disclosures no later than June 14, 2012.

11      Plaintiffs' RFP responses are insufficient as well. Under Federal Rules of Civil Procedure 34, a

12  party answering a request for the production of documents must provide a written response within

13  30 days of service. Fed. R. Civ. P. 34(b)(2). The response must include a specific objection, an

14  answer to the interrogatory, or an agreement to produce the documents requested. Fed. R. Civ. P.

15  34(b)(2)(A) & (B). Federal Rule of Civil Procedure 37 allows the court to compel disclosure when a

16  party has not provided the discovery in a timely fashion. The court may grant a motion to compel

17  upon certification that the moving party attempted in good faith to obtain the discovery without

18  court action. Fed. R. Civ. P. 37(a)(1). If the motion is granted, the court must – after giving an

19  opportunity to be heard – require the disobedient party, the attorney, or both to pay the other party's

20  "reasonable expenses, including attorney's fees, caused by the failure to comply, unless the failure

21  was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ.

22  P. 37(b)(2)(C). The disobedient party need not willfully disobey the court's order to trigger an

23  award of reasonable expenses under Rule 37. *See Lew v. Kona Hosp.*, 754 F.2d 1420, 1427 (9th Cir.

24  1985).

25      Here, Defendants made a good faith effort to obtain the RFP responses without court

26  intervention. Plaintiffs did not provide them until after Defendants filed their motion. And the

27  responses they did provide are insufficient. For every RFP, Plaintiffs stated that "Responding

28  Plaintiff has no responsive documents in his possession." This response, though, does not state

C 11-02047 LB
ORDER

15

whether Plaintiffs have responsive documents in their custody or control, which Plaintiffs must (if true) state as well.  *See* Fed. R. Civ. P. 34(a)(1).  Nor do the responses state that a diligent search and reasonable inquiry have been made in an effort to locate the documents requested.  Plaintiffs' RFP responses, then, are insufficient, and they must be supplemented.  Plaintiffs shall do so no later than June 14, 2012.

Plaintiffs must also sit for their depositions.  Rule 30(a) requires properly noticed parties to do so.  Defendants properly noticed Plaintiffs depositions in February 2012, but Plaintiffs still have not been deposed.  Although the court understands there are logistical issues with taking Mr. Santana's deposition, the court is unaware of any reason why Mr. Garcia's deposition could not have been taken.  In addition, Defendants seek to depose the three non-party individuals mentioned in Plaintiffs' initial disclosures.

After discussing these issues at the June 7, 2012 hearing, the parties and court agreed upon the following:

1.  Mr. Garcia's deposition shall take place on June 20, 2012 at the office of Defendants' counsel (as noticed).

2.  The parties shall meet and confer about the logistical issues involved with taking Ms. Santana's deposition and shall file a joint discovery letter brief (of no more than 5 pages) by June 14, 2012 that sets forth their positions and proposed compromise(s).

3.  The parties shall meet and confer by June 14, 2012 about scheduling the depositions of the three non-party witnesses mentioned in Plaintiffs' initial disclosures.  In any event, these depositions shall take place no later than July 10, 2012.

The parties shall also appear at a Further Case Management Conference on June 14, 2012 at 10:30 a.m. to discuss the above.  Should the parties file a joint discovery letter brief and establish a schedule for taking the depositions of the three non-party witnesses before June 14, 2012, they shall promptly notify the court of this, and the June 14, 2012 Further Case Management Conference will be vacated.

**B.  Revised Case Management Dates and Deadlines**

Given the problems described above, the court sees fit to revise the previous case management

dates and deadlines.  The following dates and deadlines, which the court discussed with the parties

at the June 7, 2012 hearing, are:

| Case Event | Filing Date/Disclosure Deadline/Hearing Date |
|---|---|
| Updated Joint Case Management Conference Statement | 6/13/2012 |
| Further Case Management Conference | 6/14/2012 at 10:30 a.m. |
| Non-expert discovery completion date | 7/10/2012 |
| Expert disclosures required by Federal Rules of Civil Procedure | 5/4/2012 |
| Rebuttal expert disclosures | 5/18/2012 |
| Expert discovery completion date | 6/22/2012 |
| Last hearing date for dispositive motions | 8/16/2012, at 11:00 a.m. |
| Meet and confer re pretrial filings | 9/25/2012 |
| Pretrial filings due | 10/4/2012 |
| Oppositions, Objections, Exhibits, and Depo Designations due | 10/11/2012 |
| Final Pretrial Conference | 10/25/2012, at 10:30 a.m. |
| Trial | 11/5/2012, at 8:30 a.m. |
| Length of Trial | 2 days |

The court did not discuss the discovery deadlines explicitly with counsel at the hearing (other

than to set the deadlines for amended initial disclosures and RFPs to June 14, 2012 and to order all

depositions to be completed by July 10, 2012.  The court modified the fact discovery deadline in the

above chart to reflect this and assumes that the previously-set expert discovery deadlines are not

affected by the delays so far.  If that is wrong, and the parties are unable to resolve any timing issues

by stipulation, the parties should use the joint discovery letter brief process to notify the court.

**C. Plaintiffs' Motion to Consolidate**

1.  Legal Standard

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact,

the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate

the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  District courts have

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1  broad discretion under this rule to consolidate cases pending in the same district.  *Investors Research*

2  *Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  In deciding

3  whether to consolidate actions under Rule 42(a), the court must balance the savings of time and

4  effort consolidation will produce against any inconvenience, delay, or expense that it would cause.

5  *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).  "Consolidation is inappropriate,

6  however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party."  *EEOC v. HBE*

7  *Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

8      2. Analysis

9      On May 2, 2012, Mr. Wang filed another action against Defendants, this time on behalf of Philip

10  Poor, who allegedly has "performed work as a worker for Defendants."  *See Poor v. Bana, et al.*,

11  No. C12-02206 LB.  Mr. Poor, who never directly alleges that he was an "employee" of Defendants,

12  brings claims, on behalf of himself and similarly situated individuals, for failure to pay overtime

13  wages in violation of the FLSA (first cause of action) and unfair competition in violation of

14  California's UCL.  *See id.*  The *Poor* case currently is being presided over by the undersigned.

15      On May 6, 2012, Plaintiffs filed a motion to consolidate this case with the *Poor* case.  Motion to

16  Consolidate, ECF No. 37.  Plaintiffs' motion is denied.  First, although the *Poor* case also is a wage-

17  and-hour action against Defendants, the two actions raise distinct factual and legal issues.  For

18  example, Defendants state that Mr. Santana was never even an employee of Defendants and that Mr.

19  Poor never worked more than 40 hours per week.  Defendants' Opposition, ECF No. 41 at 3-6.

20  These factual issues will require different factual evidence and testimony and likely would confuse

21  issues at trial.  And Plaintiffs did not file a reply brief, and so they did not address Defendants'

22  contention.  Second, consolidation will inconvenience both the court and Defendants.  Although the

23  case management schedule has not been set in the *Poor* matter, it certainly will provide for more

24  generous dates than the revised dates set forth above in this case.  Moreover, the court, frankly, is

25  surprised that Mr. Wang has the audacity to suggest that it would be convenient (and in fact would

26  "behoove" the court, *see* Plaintiffs' Motion for Protective Order, ECF No. 38 at 1-2) to consolidate

27  the actions because they are both at the same stage (i.e., no discovery has been provided in either of

28  them).  *See* Plaintiffs' Motion to Consolidate, ECF No. 37 at 6.  The reason no discovery has been

C 11-02047 LB
ORDER

18

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   provided in this action is that Mr. Wang has failed to participate in it and has violated numerous

2   rules and orders.  To allow him to have a complete "do-over" by filing a new case and then

3   consolidating them would reward his bad behavior.

4   **D.  Plaintiffs' Motion for a Protective Order**

5       1. Legal Standard

6       Subject to the limitations imposed by subsection (b)(2)(c), under Rule 26, "[p]arties may obtain

7   discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."

8   Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery

9   appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

10      However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery

11  otherwise allowed by these rules or by local rule if it determines that: (I) the discovery sought is

12  unreasonably cumulative or duplicative, or can be obtained from some other source that is more

13  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

14  opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the

15  proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in

16  controversy, the parties' resources, the importance of the issues at stake in the action, and the

17  importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C).  In addition, upon

18  a showing of "good cause," a court may "protect a party or person from annoyance, embarrassment,

19  oppression, or undue burden or expense" in discovery by "specifying terms, including time and

20  place, for the disclosure or discovery."  Fed. R. Civ. P. 26(c)(1)(B).

21      2.  Analysis

22      Plaintiffs have not met the standard set forth above because they have not made a sufficient

23  showing of annoyance, embarrassment, oppression or undue burden, as they must.  "[B]road

24  allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the

25  Rule 26(c) test."  *Folz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

26  Rather, Plaintiffs make a "convenience" argument.  "Plaintiffs," Mr. Wang writes, "thought it

27  would behoove Plaintiffs, the Court, the witnesses, and mostly the Defendants to consolidate these

28  two actions and avoid the duplicate discovery proceedings."  Plaintiffs' Motion for Protective Order,

C 11-02047 LB
ORDER

ECF No. 28 at 1-2.  If Mr. Wang were concerned about avoiding unnecessary discovery proceedings, he would have served Plaintiffs' initial disclosures and responded to Defendants' discovery requests and emails in a timely manner.  Plaintiffs' motion for a protective order is denied.

## IV.  CONCLUSION

Based on the foregoing, Defendants' motion for sanctions is GRANTED IN PART and DENIED IN PART, and Plaintiffs' motions to consolidate and for a protective order are DENIED.  The parties are ORDERED to comply with the discovery deadlines set forth above.

In addition, Plaintiffs' counsel, Mr. Adam Wang, is hereby reprimanded for his conduct in this matter, which degraded and impugned the integrity of this court and interfered with its administration of justice.  Mr. Wang is ORDERED to pay sanctions in the amount of $1,500 to Defendants' counsel no later than July 2, 2012.  It is FURTHER ORDERED that the costs of the sanctions shall not be passed on to Plaintiffs.

**IT IS SO ORDERED.**

Dated: June 9, 2012

_____
LAUREL BEELER
United States Magistrate Judge