UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| NOE SOLIS GARCIA, et al., | No. C 11-02047 LB |
| Plaintiffs, | **ORDER REGARDING THE DEPOSITION AND TRIAL TESTIMONY OF PLAINTIFF ERNESTO SANTANA** |
| v. | |
| MARIO BANA, et al., | |
| Defendants. | [Re: ECF Nos. 49, 52] |

At the court's request, the parties in this wage-and-hour action submitted letter briefs regarding whether plaintiff Ernesto Santana, who has been deported to Chile, can and should be able to testify at trial via videoconference technology, and if so, whether he can and should be deposed in the same manner prior to trial. *See* 6/9/2012 Order, ECF No. 46 at 16 (requesting joint letter); Defendants' Letter, ECF No. 49; 6/14/2012 Order, ECF No. 50 at 2 (extending Plaintiffs' deadline to submit letter); Plaintiffs' Letter, ECF No. 52. Upon review of the parties' letters, and the authority cited therein, the court rules as follows.

A. Mr. Santana's Testimony at Trial

Federal Rule of Civil Procedure 43 provides:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a). Although relevant, published decisions are few in number, it appears that

1  federal courts have viewed testimony by "contemporaneous transmission" favorably, as long as
2  there is "good cause" and there are "appropriate safeguards," as required by Rule 43(a).  *See*, *e.g.*,
3  *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 479-80 (D.Md. 2010) (finding good cause to allow
4  Honduran plaintiffs to testify via video conference where personal appearance would "impose
5  substantial inconvenience and cost on persons with strikingly few financial resources" and finding
6  appropriate safeguards where the plaintiffs would "testify in open court, under oath," and "face
7  cross-examination," and noting that "[w]ith videoconferencing, a jury will also be able to observe
8  the witness' demeanor and evaluate his credibility in the same manner as traditional live
9  testimony"); *United States v. Beaman*, 322 F. Supp. 2d 1033, 1035 (D.N.D. 2004) (finding good
10 cause to allow a prosecution witness to testify via real-time video conference where the witness
11 resided in California and was subject to other federal subpoenas and finding appropriate safeguards
12 where the video conference would not deprive the defendant of his right to confront the witness and
13 where the witness would be testifying under oath, subject to cross-examination, and observable by
14 the jurors, counsel, defendant, and the court); *Dagen v. CFC Group Holdings Ltd.*, No. 00 Civ.
15 5682(CBM), 2003 WL 22533425, at *1-2 (S.D.N.Y. Nov. 3, 2007) (finding good cause where
16 defendants "raised international travel considerations, legitimate business concerns, and cost as
17 rationales" for allowing witnesses from Hong Kong to testify via telephone); *In re Hensen*, 302 B.R.
18 884, 890-91 (Bankr. N.D. Cal. 2003) (allowing debtor who lived in Canada to appear for bankruptcy
19 proceedings in California via telephone or video transmission and noting that "many judges
20 regularly conduct hearings or entire calendars by appearing telephonically or by video
21 transmission"); *F.T.C. v. Swedish Match N.A., Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000) (finding good
22 cause where witness would have to travel from Oklahoma to Washington D.C. to testify and finding
23 adequate safeguards where witness would testify under oath via live video and where defendants
24 would have opportunity to cross-examine him (and thereby assess his credibility)); *Edwards v.*
25 *Logan*, 38 F. Supp. 2d 463, 467 (W.D. Va. 1999) (although noting that "video conferencing is likely
26 not an acceptable alternative in every case," finding good cause to allow it where there were
27 "expense and security concerns" with bringing the plaintiff prisoner to court and finding appropriate
28 safeguards where "the issue in dispute (whether the defendants forced the plaintiff to engage in a

1    fistfight with a guard) is relatively simple and straightforward" and where the court anticipated "no
2    difficulty in the effective presentation of all of the facts and contentions through video
3    conferencing"). Courts in this district have allowed testimony via video conference for similar
4    reasons. *See*, *e.g.*, *Lazaro v. Lomarey, Inc.*, No. C09-02013 RMW (N.D. Cal. Nov. 16, 2010)
5    (minute order noting video conference testimony of witness at trial); *Santacruz v. French*
6    *Connection Bakery, Inc.*, No. C07-01118 PVT, No. C08-00996 PVT, (N.D. Cal. July 27, 2009)
7    (finding good cause where the plaintiff had been deported from the United States and finding
8    appropriate safeguards given the high quality of recent video conference technology). In addition,
9    the Ninth Circuit has held that allowing a witness to testify by "contemporaneous transmission" does
10   not violate a civil litigant's due process rights as long as good cause exists and the circumstances of
11   the taking of the testimony is "fair." *See Beltran-Tirado v. I.N.S.*, 213 F.3d 1179, 1185-86 (9th Cir.
12   2000).

13   According to Plaintiffs, Mr. Santana was deported to Chile and cannot reenter the United States.
14   In light of the authority cited above, this constitutes "good cause" to allow him to testify via video
15   conference. The court also believes that there are appropriate safeguards, as long as Plaintiffs'
16   counsel locates a secure environment that has adequate video conferencing capabilities to ensure the
17   continuous, real-time transmission of data. Defendants will still be able to cross-examine Mr.
18   Santana, observe his demeanor, and assess his credibility. Also, this is a bench, not a jury, trial, so
19   there is no possibility that jurors will be confused or mislead.

20   Defendants urge the court to view testimony via "contemporaneous transmission" with a
21   skeptical eye. They point out that the Advisory Committee Notes to the 1996 amendments to Rule
22   43 state that "[s]afeguards must be adopted that ensure accurate identification of the witness and that
23   protect against influence by persons present with the witness." Fed. R. Civ. P. 43 advisory
24   committee's notes; *see* Defendant's Letter, ECF No. 49 at 3. While it is mindful that such chicanery
25   is possible, the court does not believe it to be very likely given the advances in video conference
26   technology since 1996. *See Santacruz*, No. C07-01118 PVT, No. C08-00996 PVT (N.D. Cal. July
27   27, 2009) ("Finally, the Advisory Committee Notes referenced by Defendants were written over a
28   decade ago, and are somewhat less persuasive in light of the improvements that have been made to

1 video conference technologies in the interim."); *Dagan*, 2003 WL 22533425, at *1 (acknowledging
2 the Advisory Committee's Note, but stating that, "[a]t the same time, the court is not persuaded that
3 allowing telephonic testimony is so extraordinary" because "[e]ven before the Federal Rules were
4 amended in 1996, 'federal trial courts [had] repeatedly, in civil cases, taken testimony by telephone
5 and closed circuit television.'") (quoting *United States v. Gigante*, 971 F. Supp. 755, 758 (E.D.N.Y.
6 1997)); *FTC*, 197 F.R.D. at 2 ("I appreciate that the Advisory Committee Notes to Federal Rule
7 43(a), upon which the defendants rely, are more hostile than I am to live video transmission.  I
8 suggest, however, that the courts are much more receptive to this new technology than the Advisory
9 Committee.") (citing *Beltran-Tirado*, 213 F.3d at 1186).

10 In sum, the court believes that good cause and appropriate safeguards exist to allow Mr. Santana
11 to testify at trial via video conference.

12 B.  Mr. Santana's Deposition

13 The ordinary rule is that a defendant is entitled to depose a plaintiff in the forum where the case
14 is pending.  *See Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 699 (S.D. Fla. 2008)
15 ("defendants are generally 'entitled to depose a plaintiff in the forum where the plaintiff has chosen
16 to sue'") (quoting *Luna v. Del Monte Fresh Produce (Southeast), Inc.*, Civil Action No.
17 1:06-CV-2000-JEC, 2007 WL 1500269, *2 (N.D. Ga. May 18, 2007)); *McGinley v. Barratta*, Civil
18 Action No. 06-510, 2006 WL 2346301 *1 (E.D. Pa. 2006) ("Normally, a plaintiff will be required to
19 make himself or herself available for examination in the district in which the suit was brought
20 because the plaintiff selected the forum."); *see also* 8A Wright, Miller, and Marcus, *Federal*
21 *Practice and Procedure* § 2112 (3d ed. 2010) ("Ordinarily, plaintiff will be required to make himself
22 or herself available for examination in the district in which suit was brought.  Since plaintiff has
23 selected the forum, he or she will not be heard to complain about having to appear there for a
24 deposition.") (citations omitted).

25 But "this is at best a general rule, and it is not adhered to if plaintiff can show good cause for not
26 being required to come to the district where the action is pending."  8A Wright, Miller, and Marcus,
27 *Federal Practice and Procedure* § 2112 (3d ed. 2010); see Trinos, 250 F.R.D. at 699 ("Of course, if
28 a plaintiff demonstrates 'hardship or burden that outweighs any prejudice to the defendant, the

C 11-02047 LB
ORDER
4

general rule requiring a plaintiff to appear for deposition in the forum may yield to the exigencies of the particular case.'") (quoting *Luna*, 2007 WL 1500269 at *2 (citing *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592 (S.D.N.Y. 1994) (court can dispense with general rule "if special circumstances are shown, such as hardship or burden to the plaintiff, which outweigh any prejudice to the defendant")).

As the court explained above, Mr. Santana has been deported to Chile and he cannot reenter the United States. This constitutes good cause to allow Mr. Santana to be deposed from Chile via video conference. Yet video conference does provide for the requisite safeguards to allow for the secure taking of his deposition. Given the advances in video conference technology and Plaintiffs' counsel's agreement to pay for the deposition[1], the court does not believe that Defendants would be significantly prejudiced by taking Mr. Santana's deposition this way. *See Palma v. Safe Hurricane Shutters, Inc.*, No. 07-22913-CIV, 2009 WL 653305, at * 4-5 (S.D. Fla. 2009) (allowing plaintiff to be deposed in Chile via video conference).

Given the court's ruling, the court **ORDERS** the parties to meet-and-confer no later than July 2, 2012 to work out the details surrounding Mr. Santana's deposition. In any event, Mr. Santana's deposition **SHALL** take place no later than July 10, 2012, which is the date this court set for the close of non-expert discovery.

**IT IS SO ORDERED.**

Dated: June 25, 2012

_____
LAUREL BEELER
United States Magistrate Judge

---

[1] At the hearing on June 7, 2012, Plaintiffs' counsel agreed that Plaintiffs would bear the cost of Mr. Santana's deposition, if the court allowed it to be conducted via video conference.