UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| NOE SOLIS GARCIA, et al., | No. C 11-02047 LB |
| Plaintiffs, | **ORDER REGARDING PLAINTIFF'S JULY 10, 2012 DISCOVERY LETTER** |
| v. | |
| MARIO BANA, et al., | [Re: ECF No. 54] |
| Defendants. | |

On July 10, 2012, the Plaintiffs filed a letter that describes a discovery dispute concerning the Defendants' depositions. Plaintiffs' 7/10/2012 Discovery Letter, ECF No. 54. Defendants filed a response a few hours later. Defendants' 7/10/2012 Discovery Letter, ECF No. 55. Plaintiffs then filed a letter in reply. Plaintiffs' 7/10/2012 Letter in Reply.

The court's October 27, 2011 case management order states that "[t]he parties shall comply with the procedures regarding discovery and discovery disputes in Judge Beeler's standing order." 10/27/2011 Order, ECF No. 16 at 2. That standing order sets forth the following <u>joint</u> letter process for resolving discovery disputes:

> <u>The parties shall not file formal discovery motions</u>. Instead, and as required by the federal rules and local rules, the parties shall meet and confer to try to resolve their disagreements. *See* Fed. R. Civ. P. 37(a)(1); Civil L. R. 37-1. After attempting other means of conferring such as letters, phone calls, or emails, lead counsel for the parties must meet and confer in person. (If counsel are located outside of the Bay Area and cannot confer in person, lead counsel may meet and confer by telephone.) Either party may demand such a meeting with ten days' notice. If the parties cannot agree on the location, the location for meetings shall alternate. Plaintiff's counsel shall select the first location, defense counsel shall select the second location, and so forth.

C 11-02047 LB
ORDER

<u>If the parties do not resolve their disagreements through this procedure, the parties shall file a joint letter brief of no more than five pages instead of a formal motion five days after lead counsels' in-person meet-and-confer.</u> The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." <u>Lead counsel for both parties must sign the letter and attest that they met and conferred in person.</u> The <u>joint</u> letter shall set out each issue in a separate section and include in that section <u>each parties' position</u> (with appropriate legal authority) and proposed compromise. (This process allows a side-by-side analysis of each disputed issue.) If the disagreement concerns specific discovery that a party has propounded, such as interrogatories, requests for production of documents, or answers or objections to such discovery, the parties shall reproduce the question/request and the response in its entirety in the letter. The Court then will review the letter and determine whether future proceedings are necessary. In emergencies during discovery events such as depositions, the parties may contact the Court pursuant to Civil Local Rule 37-1(b).

Standing Order at 2-3 (emphasis added).

None of the letters that the parties filed is a joint one. *See generally* Plaintiffs' 7/10/2012 Discovery Letter. Nor do the parties state that an unsuccessful attempt was made to get the other one to participate in a joint letter. *See id.* Instead, the parties have filed three separate letter that, in effect, resemble a motion, an opposition, and a reply—exactly the type of briefing that the court's standing order forbids.

Accordingly, the court again **ORDERS** the parties to comply with the undersigned's standing order and the procedures it sets forth for resolving discovery disputes. For now, Plaintiffs' requests, made in their July 10, 2012 discovery letter, for an order compelling Defendants to sit for their depositions and for sanctions are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: July 11, 2012

_____
LAUREL BEELER
United States Magistrate Judge