UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NOE SOLIS GARCIA, et al., | No. C11-02047 LB |
| Plaintiffs, | **FINAL PRETRIAL ORDER** |
| v. | |
| MARIO BANA, et al., | |
| Defendant. | |

The Court held a final pretrial conference in this matter on October 24, 2012 and issues this final pretrial order pursuant to Federal Rule of Civil Procedure 16(e).

## I.   JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) over Plaintiffs' claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and jurisdiction pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) over Plaintiffs' remaining state law claims. Jurisdiction is not disputed.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because both all parties are residents of San Mateo County, which in located in the Northern District of California. Moreover, Defendants have been, and are engaged in business in the Northern District of California, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Venue is not disputed.

FINAL PRETRIAL ORDER
C 11-02047 LB

## II.     TRIAL DATE & LENGTH OF TRIAL

A.   The bench trial shall begin on November 5, 2012, in Courtroom C, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.  The trial will last two days.  The trial will be held on Monday from 8:30 a.m. to 4:30 p.m.  Each day will include two fifteen-minute breaks and a lunch break of forty-five minutes.  The trial may extend to a second day if the interests of justice so requires.  Counsel should arrive at 8:15 a.m. to address any issues (such as objections) before the trial day begins.

B.   Plaintiffs will have either 6 hours (if Plaintiff Santana appears for trial) or 4.5 hours (if he does not) to present the direct examination of its witnesses and to cross-examine the opposing party's witnesses, including all objections raised during the trial day.  Defendants will have 2 hours to present the direct examination of its witnesses and to cross-examine the opposing party's witnesses, including all objections raised during the trial day.  In addition, each party may make a closing statement of up to 20 minutes.

## III.    PROCEDURE FOR EXHIBITS DURING TRIAL

Please refer to Exhibit 1 to the Court's October 23, 2012 Order (ECF No. 74) for the proper procedures regarding the presentation of exhibits during trial.

## IV.    PROCEDURE FOR WITNESSES DURING TRIAL

Please refer to Exhibit 1 to the Court's October 23, 2012 Order (ECF No. 74) for the proper procedures regarding the presentation of witnesses during trial.

## V.     CLAIMS & DEFENSES REMAINING

A.   Plaintiffs' Claims

Plaintiff Garcia and Plaintiff Santana allege that they were at employed by Defendants on an hourly basis and were required to, and did, work a six-day work week (Monday through Saturday). Parties' Joint Trial Brief, ECF No. 63 at 2. Both Plaintiffs claim they generally worked eight hours each day they worked. *Id*. Although Plaintiffs admit they were paid their regular hourly rate for hours worked on Saturdays, they claim that they were not paid the required overtime rate of one-and-one-half times their hourly rate for it. *Id*. Plaintiffs also claim that when they worked on Saturdays, they were not provided with the required 30-minute undisturbed and duty-free meal

break. *Id*. Plaintiffs also claim that Defendants failed to maintain adequate employment records. *Id*.

Plaintiffs assert the following claims: (i) unpaid overtime under California Labor Code §§ 510, 1194, and 1198 and Wage Order 5-2001 (First Cause of Action); (ii) unpaid overtime and liquidated damages under the FLSA, 29 U.S.C. § 201 (Third Cause of Action); (iii) penalties for failure to provide itemized pay statement under California Labor Code §§ 226 and 1174 and Wage Order 5-2001 (Fourth Cause of Action); (iv) waiting time penalties for failure to pay all wages earned upon termination under California Labor Code §§ 201, 202, and 203 (Fifth Cause of Action); and (v) restitution of unpaid overtime wages and unpaid meal period premiums under California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*. (Count 6). *Id*. at 2-3. Plaintiffs have abandoned their claim for minimum wage violations under California Labor Code §§ 1182.11, 1182.12, 1182.13, 1194(a), 1194.2, and 1197, and Wage Order 2-2001 (Count 2). *Id*. at 3 n.1; Plaintiffs' Trial Brief, ECF No. 65 at 2 n.1.

B.   Defendants' Defenses

Defendants contend that Plaintiff Garcia (1) worked a daily schedule of 9:00 a.m. to 6:00 p.m. with a one hour lunch break, during which he frequently left Ideal RV's premises, (2) did not work more than 8 hours in a day or more than 40 hours in a week for Ideal RV (as reflected by his time cards), and (3) his timecards reflect that he only occasionally worked on weekends and he did so when he had requested a day off during the week in order to compensate for the missed weekday. *See* Parties' Joint Trial Brief, ECF No. 63 at 3. Defendants contend that Plaintiff Santana (1) never worked for Ideal RV in any capacity, (2) never collected a paycheck from Ideal RV, and (3) never applied for a job with Ideal RV. *See id*.

**VI.   MOTIONS *IN LIMINE***

A.   The Court made the following rulings on Plaintiffs' Motions *in Limine*. For the reasons stated on the record and good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiffs' Motion *in Limine* No. 1, filed at ECF No. 66, is **DENIED**; and

Plaintiffs' Motion *in Limine* No. 2, filed at ECF No. 67, is **GRANTED**.

**VII.   WITNESSES**

A.  <u>Plaintiffs</u>

For their case-in-chief, Plaintiffs may call the witnesses listed on Plaintiffs' witness list separately filed at ECF No. 65 at 12.

B.  <u>Defendant</u>

For its case-in-chief, Defendant may call the witnesses listed on Defendants' witness list separately filed at ECF No. 64 at 2-3.

**VIII.     EXHIBITS**

In their Joint Trial Brief the parties submitted a joint exhibit list that contains five Proposed Exhibits. Parties' Joint Trial Brief, ECF No. 63 at 14. According to Defendants, Proposed Exhibit No. 1 (Noe Garcia Payroll Records (Bates Nos. 044-152)) and Proposed Exhibit No. 2 (Noe Garcia Payroll Records (Bates Nos. 004-043)) should be combined into a single exhibit described as "Noe Garcia Payroll Records (Bates Nos. 1-152." Defendants' Objections to Plaintiffs' Unauthorized Alterations of the Parties' Joint Trial Brief, ECF No. 68 at 2. At the pretrial conference, the Court ordered that these two exhibits be combined into a single exhibit as suggested by Defendants.

Defendants object to Proposed Exhibit No. 3 (Screen Shot of Ideal RV Website) and Proposed Exhibit No. 4 (Photograph of Fence adjacent to Ideal RV) on the grounds that Plaintiffs did not disclose the exhibits in their Initial Disclosures and failed to produce the exhibits in response to Ideal RV's written discovery requests for all documents supporting Plaintiffs' allegations in this action. Defendants' Objections to Plaintiffs' Trial Exhibits, ECF No. 69 at 1. Defendants ask the Court to preclude Plaintiffs from introducing Proposed Exhibits No. 3 and Proposed Exhibit No. 4 (as well as any other undisclosed documents) at trial. *Id*. at 2. At the pretrial conference on October 24, 2012, the court **OVERRULED** Defendants' objections and stated that it would allow Plaintiffs to introduce Proposed Exhibit No. 3 and Proposed Exhibit No. 4.

Plaintiffs filed a motion *in limine* to exclude Proposed Exhibit No. 5 (Noe Garcia Timecards). Plaintiffs' Motion *in Limine* No. 2, ECF No. 67. Defendants did not oppose Plaintiffs' motion, and the court granted the motion at the pretrial conference. Thus, Proposed Exhibit No. 5 shall be excluded from evidence and omitted from the exhibit list.

The parties shall meet and confer to discuss any final stipulations or objections, and any other outstanding issues, by Monday, October 29, 2012.  The parties shall inform the Court of any development no later than noon on Tuesday, October 30, 2012.

## XI.  FURTHER PRETRIAL PAPERS

As the court explained at the October 24, 2012, the parties' submissions are in need of organization.  Therefore, the parties are **ORDERED** to submit, no later than noon on Monday, October 29, 2012, the following:

- An Amended Joint Proposed Final Pretrial Order, which includes new exhibit and witness lists, to replace ECF No. 63 (as described in ECF No. 74-1 at 3-4);
- Joint Proposed Findings of Fact and Conclusions of Law and Each Side's Separate Disputed Proposed Findings of Fact and Conclusions of Law (as described in ECF No. 74-1 at 4);
- Separate Memoranda on Conclusions of Law (as described in ECF No. 74-1 at 4);
- A new Joint Set of Trial Exhibits (as described in ECF No. 74-1 at 5); and
- Deposition Designations (as described in ECF No. 74-1 at 6-8).

Further, Plaintiffs are **ORDERED** to provide the court with details concerning Plaintiff Santana's availability as a witness for trial and logistical information concerning his appearance via video conference, as described at the October 24, 2012 pretrial conference.

## X.  AUTHENTICITY

At the October 24, 2012 pretrial conference, the court and the parties discussed the possibility that the parties would stipulate that copies of exhibits may be used as originals and, subject to the court's rulings on issues such as relevance, to the authenticity of the business records.  The parties shall file a stipulation to this effect by noon on Monday, October 29, 2012.

## XI.  STIPULATIONS OF FACTS

The parties did not stipulate to any facts.

## XII.  PLAINTIFF GARCIA'S COMPLIANCE WITH DISCOVERY OBLIGATIONS

On October 2, 2012, the court ordered Plaintiffs' counsel to pay $238 to Defendants' counsel no later than September 30, 2012 and ordered Plaintiff Garcia to supplement his responses to Defendants' Requests for Production of Documents by October 5, 2012.  At the October 24, 2012

pretrial conference, Defendants' counsel stated that it has received neither. Plaintiffs' counsel represented that the payment of $238 is in the mail. Thus, the court considers this dispute moot. However, the RFPs still have not been supplemented, so the court **ORDERS** Plaintiff Garcia to supplement his responses to Defendants' RFPs by noon on Friday, October 26, 2012.

**IT IS SO ORDERED**.

Dated: October 24, 2012

_____
LAUREL BEELER
United States Magistrate Judge

FINAL PRETRIAL ORDER
C 11-02047 LB                                6